### FULTON v G H HAMMOND CO

Oho Appeals, 2nd Dist, Montgomery Co

No 1181. Decided May 24, 1933

John Bricker, Attorney General, Columbus, Hubert Estabrook, Dayton, D. W. Iddings, Dayton, Sidney G. Kusworm, Dayton, for plaintiff in error.

Craighead, Cowden, Smith & Schnacke, Dayton, for defendant in error.

## OPINION

**By HORNBECK, PJ.**

The issue presented requires a determination whether or not §713 GC has application to protect the Hammond Co. for checks of other depositors of the Union Trust Co. payable to the Hammond Co. and presented by the Hammond Co. as part payment of a draft. It is the claim of plaintiff in error that inasmuch as the draft, under consideration was not purchased by check drawn by the Hammond Co. on its own account at the bank it cannot claim the protection of the provisions of §713 GC; that the language of the statute contemplates that the depositor protected shall present its check for collection and payment in order to avail itself of the preference accorded by the statute. It is the claim of defendant in error that the terms of the statute are broad enough to include a check drawn by any depositor in such bank which is presented for collection and payment and that the presentation of the checks under consideration to the bank and the bank's acceptance of them as part payment of the draft, comes within the letter and the spirit of the section.

We have carefully read the opinion of Judge Snediker in this case and are in accord with his determination and the reasons upon which it is based. In our judgment the transaction in question comes within the letter and the spirit of §713 GC. If defendant in error had deposited the checks in question to its account as part payment for the draft as we understand it, the plaintiff in error would concede that it is entitled to preference. We believe that the purpose which prompted the enactment of the section is found in the transaction under consideration as definitely as if the Hammond Co. had made a check upon its own account. Then, too, we see no inconsistency in the holding of the trial court and the express terms of the statute. The phraseology is:

"Where a check drawn by a depositor against his deposit * * * and used in the purchase from a banking institution of a draft upon another banking institution the owner and holder of such draft is entitled to preference and priority of payment out of the assets of the bank from the time such check is charged to the account of such depositor."

There is nothing in this language which compels the conclusion that the check drawn by a depositor shall be by the same depositor as the purchaser, owner and holder of the draft.

This conclusion is strengthened by the cited case of **Blair, Superintendent of Banks, v Union Savings Bank of Brian, 119 Oh St 142.**

Although there is no decision in Ohio directly in point for the reasons heretofore indicated, which to us seem sufficient, the judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.